UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

UNITED STATES OF AMERICA,

    v.                                                        **DECISION AND ORDER**
                                                                   24-CR-93-A

MATTHEW ZAMBOROWSKI,

                      Defendant.

─────────────────────────────────

Defendant Matthew Zamborowski is charged in a one count Indictment, with unlawful possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(8). Dkt. #9. This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. Defendant filed a pre-trial motion wherein he sought, *inter alia*, dismissal of the indictment on the grounds: (1) that it "is defective;" and (2) that "prosecution under §922(g)(8)(C)(ii) is unconstitutional as applied to the defendant." Dkt. #15, p. 3, ¶¶ 4 and 5.

On October 31, 2024, Magistrate Judge Schroeder issued a 14-page Report, Recommendation and Order "RR&O," which recommended, as relevant here, that Defendant's motions to dismiss be denied. Dkt. #27.

Defendant filed objections which solely challenged the Magistrate Judge's recommendation that Defendant's motion to dismiss the indictment should be denied. Dkt. #30. Specifically, Defendant maintains that the Magistrate Judge erred

in two respects by refusing to dismiss the Indictment. First, Defendant maintains that the Indictment is subject to dismissal because it is "defective" in that the February 27, 2024, restraining order to which he was subject on May 6, 2024 (the date on which he was arrested and found to be in possession of the firearms with which he is charged), was not issued—as required under 18 U.S.C. §922(g)(8)(A)—"after a hearing of which he had actual notice and to which he had an opportunity to participate." Dkt. #30, pp.3; 9-12.  Additionally and alternatively, Defendant, relying on the Supreme Court's decisions in *United States v. Rahimi*, 602 U.S. 680, 693 (2024) and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), claims that the Magistrate Judge erred in determining that the provisions of the statute with which Defendant is charged—*to wit*, 18 U.S.C. §922(g)(8)(C)(ii)—are constitutional as applied to him. Dkt. #30, pp.12-13.  The Government filed a response in opposition. Dkt. #32.

     Upon *de novo* review the Court adopts the thorough and well-reasoned recommendations made by the Magistrate Judge, and upon clear error review finds there is no reason to overturn his orders.  This Court agrees completely with Magistrate Judge Schroeder's rationale and conclusions.

     This Court writes to expound on two points.

     First, it is well settled that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Second Circuit has explained that an indictment must

"charge[ ] a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir.1992). Nevertheless, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Id*. (internal quotation marks omitted).

Federal Rule of Criminal Procedure 12(b)(1) permits a defendant to file pretrial motions raising "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1); see also *United States v. Sampson*, 898 F.3d 270, 278–79 (2d Cir. 2018).  However, Defendant's argument in this case—*i.e.*, that the evidence is insufficient to establish that the restraining order at issue here was properly obtained "after a hearing of which he had actual notice and to which he had an opportunity to participate," *see*, 18 U.S.C. §922(g)(8), is foreclosed by case law that conclusively establishes that a challenge to the reliability or competence of evidence supporting a grand jury's probable cause finding will not be heard. *See e.g, Kaley v. United States*, 571 U.S. 320, 328 (2014) (recognizing that "[t]he grand jury gets to say—without any review, oversight or second-guessing—whether probable cause exists to think that a person committed the crime."); *Costello v. United States*, 350 U.S. 359, 363 (1956) (a criminal defendant is not entitled to a preliminary trial to determine the competency and adequacy of the evidence before a grand jury).

3

In the Second Circuit, "[u]nless the government has made what can be fairly described as a full proffer of the evidence it intends to present at trial[,] the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *United States v. Perez*, 575 F.3d 164, 166–67 (2d Cir. 2009) (quotation omitted). Here, Mr. Zamborowski seeks to put the Government to its proof regarding its ability to establish the elements of the crime with which he has been charged. To the extent he believes that the Government's proof is insufficient, that is the purpose of trial. If, after full presentation of the evidence, Mr. Zamborowski believes that the Government has not put forth sufficient proof to persuade a reasonable juror that he is guilty, he is free to move for a directed verdict. See Fed. R. Crim. P. 29. This Court agrees with Magistrate Judge Schroeder that dismissal at this point is unwarranted.

Second, the Defendant correctly argued before the Magistrate Court that while the Supreme Court's decision in *Rahimi* established that Section 922(g)(8)(C)(i) is not facially unconstitutional, see, *Rahimi*, 602 U.S. at 702, the Supreme Court decision did not expressly "decide whether regulation under Section 922(g)(8)(C)(ii) is also permissible." *Id*. at 693. Before the Magistrate Judge, Mr. Zamborowski made the following argument:

> While the Supreme Court in *Rahimi* affirmed the constitutionality of the first basis of liability under § 922(g)(8)(C)(i), the high court openly declined to address the constitutionality of the second basis of liability under § 922(g)(8)(C)(ii). See *Rahimi*, 144 S.Ct.at 1898-99. As Justice Gorsuch recognized in his concurring opinion:
>
>> Our resolution of Mr. Rahimi's facial challenge to § 922(g)(8) necessarily leaves open the question whether the statute might be unconstitutional as applied in 'particular circumstances.' So,

> for example, we do not decide today whether the government
> may disarm a person without a judicial finding that he poses a
> 'credible threat' to another's physical safety.
>
> *Rahimi*, 144 S. Ct. at 1909.
>
> The government is attempting to do just that in this case --
> disarm Mr. Zamborowski without a judicial finding that he poses a
> credible threat to his estranged wife's physical safety. The prosecution
> of Mr. Zamborowski pursuant to § 922(g)(8)(C)(ii) violates the Second
> Amendment and the indictment must be dismissed.").

Dkt. #15-1, p.4.

Notwithstanding Mr. Zamborowski's characterization, this Court agrees that Section 922(g)(8)(C)(ii) is the provision with which he is charged in the instant Indictment. To the extent that his argument suggests that § 922(g)(8)(C)(ii) is facially invalid as it disarms individuals without a judicial finding that such person poses a credible threat to another's physical safety, this Court—while recognizing that the Second Circuit has not explicitly addressed the facial validity of Section 922(g)(8)(C)(ii)—nevertheless rejects Mr. Zamborowski's facial challenge to 18 U.S.C. § 922(g)(8)(C)(ii) for the reasons set forth by two other Courts of Appeals in post-*Rahimi* decisions upholding the facial constitutionality of such statute. *See*, *United States v. Perez-Gallan*, ---F.4th----No. 22-51019, 2024 WL 5251958, at *9 (5th Cir. Dec. 31, 2024); *United States v. Combs*, No. 23-5121, 2024 WL 4512533, at *3 (6th Cir. Oct. 17, 2024) (unpublished opinion).

As to the constitutionality of statute as applied, the Defendant aptly observes in his Objections to the RR&O, "we submit the true issue is whether the *elements of the statute* are satisfied and, if not, whether the Second Amendment has been violated by enforcement of the statue as a consequence." Dkt. #30, p. 8 (emphasis

5

in original).  "An 'as-applied challenge'… requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right."  *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 174 (2d Cir. 2006) In making such an assessment, "factual context and defendant's circumstances are critical."  *United States v. Polouizzi*, 697 F.Supp.2d 381, 387 (E.D.N.Y. 2010).  Here, the elements of the offense charged include whether Defendant was subject to a court order which, *inter alia*, "was issued after a hearing of which he received actual notice and at which he had an opportunity to participate."  As Magistrate Judge Schroeder correctly concluded, "[t]he government will have the burden of proving the elements of 18 U.S.C. § 922(g)(8) beyond a reasonable doubt at trial." Dkt. #27, p. 12.

Accordingly, for the reasons set forth in the RR&O, it is hereby

**ORDERED** that the RR&O (Dkt. No. 27) is adopted in its entirety. Defendant's motion to dismiss is **DENIED**.

The parties shall appear for a status conference to set a date for trial on **Wednesday, February 5, 2025, at 9:15 A.M**.

**IT IS SO ORDERED.**

                              *s/Richard J. Arcara*
                              HONORABLE RICHARD J. ARCARA
                              UNITED STATES DISTRICT COURT

Dated:   February 4, 2025
            Buffalo, New York